ANDREW J. CLARK, ADMINISTRATOR, WITH THE WILL ANNEXED
OF SUSAN J. CLARK, DECEASED, RESPONDENT, *v.* HENRY L.
COE, APPELLANT.

*Executor — securing payment of his individual debt by a mortgage upon chattels held
by him as executor.*

In an action, brought by the administrator under the will of Susan J. Clark, to
recover the possession of certain household furniture, it appeared that the arti-
cles in question belonged to Susan J. Clark at the time of her death, and that
her son, Charles Z. Pond, who was her executor, took possession of her household
furniture and used it in his private residence, which he leased from the defendant
Coe. The rent being in arrears, Pond, as an individual, executed a chattel mort-
gage on the furniture to the defendant Coe to secure the payment of such rent.

*Held,* that the landlord could not hold the furniture as against the plaintiff.

*Leitch* v. *Wells* (48 N. Y., 585); *McNeil* v. *Tenth National Bank* (46 id., 325)
distinguished.

That the very fact that the purchaser secured payment of the individual debt of
the executor by a mortgage upon the goods of the latter's testator carried upon
the face of the transaction its own condemnation.

*Field* v. *Schieffelin* (7 Johns. Ch., 150) followed.

APPEAL from a judgment recovered upon a trial at the Kings
County Special Term, which was entered in the office of the clerk
of Kings county on the 24th of September, 1888.

*Frank Rudd,* for the appellant.

*Joseph H. Atkinson,* for the respondent.

BARNARD, P. J.:

The goods in question belonged to Susan J. Clark at the time of
her death. Charles Z. Pond was her executor. After her death
Pond took possession of the property, which consisted of household
furniture, and it was in use by the executor in his private residence.
The defendant was the lessor of Pond, and the rent was in arrears.
Pond, as an individual, executed a personal mortgage on the prop
erty to defendant to secure the payment of the executor's own debt
for rent. The question is whether the landlord could hold the title
against the plaintiff, who has been appointed administrator under
the will annexed, in the place of the executor Pond, who was
removed from his trust.

The cases are uniform that a purchaser for value, and in good faith,
from an executor will acquire a good title, even if the executor

misapplies the proceeds. (*Leitch* v. *Wells*, 48 N. Y., 585.) So, also, one who loans money on the securities of the estate is protected. (*McNeil* v. *Tenth Nat. Bank*, 46 N. Y., 325.) This case does not fall within these cases. The executor only conveyed his own individual title. He had none. If the evidence is to be judged as if he conveyed as executor, the conveyance was in payment of his private debt, and is, on this account, an exception to the rule that purchasers for value are protected. In *Field* v. *Schieffelin* (7 Johns. Ch., 150), the chancellor states the rule in such cases as follows, in reference to purchasers from an executor, in payment of the present debt of the executor, " the better doctrine is that in such a case he does buy at his peril." The very fact that a purchaser extinguished this debt of the executor to him with the goods of the testator carries its own condemnation on the face of the transaction.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.